Schrum Election Case

*Allen H. Smith*, for appellant.

*George M. Elsesser*, for board of elections.

*Donald H. Yost*, for challenger.

ATKINS, P. J., June 21, 1965. — The action of the board of elections sustaining a challenge to the absentee ballot of David M. Schrum in the primary election of May 18, 1965, has been taken to this court.

The facts in the case are virtually undisputed. Mr. Schrum has been a resident of Spring Grove Borough, York County, Pa. He is now 23 years of age, having been born May 27, 1942. In June of this year he was graduated from Rider College situate in Trenton, N. J., which college he has attended for the past four years, during the regular sessions of September through June. During the summer vacation period in the summer of 1961, he was at the home of his parents in Spring Grove Borough. During the other summers of 1963 and 1964, he was employed in the Philadelphia area and from August of 1963 until July of 1964, lived

in an apartment in Morrisville, Pa., which is directly across the Delaware River from Trenton. In July 1964, he moved to another apartment on Roosevelt Blvd., in Philadelphia, where he continued to reside until after his marriage on October 31, 1964, when he and his wife moved in with her parents in Philadelphia.

During the summers of 1963 and 1964, in addition to his employment above referred to, he attended school at Rider College.

He applied for and received an absentee ballot for use in the primary election on May 18, 1965, which was duly cast and subsequently challenged, which challenge was sustained by the county board of elections and is now before us on appeal by Harry P. Schrum, who was a candidate at that primary election for a borough office in Spring Grove. The pertinent provisions of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, as amended, are found in art. VII, sec. 703, 25 PS §2813, the pertinent portion of which is: "For the purpose of registration and voting no person shall be deemed to have gained a residence by reason of his presence nor lost it by reason of his absence . . . while a student of any institution of learning. . . ." We think the testimony here clearly shows that Mr. Schrum was a student at the time of the primary election in question and that he was a student continuously for the four-year period prior to the date of the election in question. There is nothing to indicate that he did anything to lose his residence; in fact there are only two things that appear that could possibly affect his residence and the one is the fact he did have employment, and the other that he married and moved in with his parents-in-law. The fact is, he still remained a student at all times and his employment was really incidental to his status as a student, and in fact apparently entered into so that his student status could be continued. The fact of his marriage would not affect his residence.

There is no suggestion that a husband acquires the domicile of his wife in the absence of very unusual circumstances.

We, therefore, conclude that the challenge to this ballot must be dismissed and that the board of elections erred in refusing to permit it to be counted.

Accordingly, we enter this order:

And now, to wit, June 21, 1965, at 10 a.m. (EDST), it is ordered, adjudged and decreed that the challenge to the absentee ballot of David M. Schrum cast at the primary election May 18, 1965, be and is hereby dismissed and the action of the board of elections sustaining the challenge reversed.